UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

12 FEB -3 PM 2: 56

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA,
STATE OF FLORIDA,
and *ex rel.* EMESE SIMON, M.D. and
STEPHEN BERKES, M.D.,

      .    Plaintiffs,

v.

HEALTHSOUTH OF SARASOTA LIMITED
PARTNERSHIP, an Alabama Limited Partnership; its
General Partner, HEALTHSOUTH REAL
PROPERTY HOLDINGS, LLC, a Delaware Limited
Liability Company; and its member,
HEALTHSOUTH CORPORATION, a Delaware
corporation; SARASOTA REHAB ASSOCIATES,
INC., a Florida corporation and its sole shareholder
and director, ALEXANDER DeJESUS, M.D., an
individual.

      Defendants.

_____/

Civil Action No.: _____

8:12CV236 33 EAJ

**FILED UNDER SEAL**
**PURSUANT TO 31 U.S.C.**
**§ 3730(B)(2)**

**DO NOT PLACE IN PRESS**
**BOX OR ENTER ON**
**PUBLICLY ACCESSIBLE**
**SYSTEM (PACER)**

## FALSE CLAIMS ACT COMPLAINT
## AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1.    This is an action to recover treble damages and civil penalties in excess of $100

million on behalf of the United States of America arising from false statements and claims made

or caused to be made by the Defendants to the United States and its agents and intermediaries in

violation of the False Claims Act, 31 U.S.C. § 3728 *et. seq.* (the "FCA"). The Defendants

knowingly made, used or caused to be made or used false records and statements material to

false or fraudulent claims for payment in connection with therapy and rehabilitative services.

2.    Relators, Emese Simon, M.D. and Stephen Berkes, M.D. ("Relators"), bring this

TPA-9516
$350

action on behalf of the United States of America against Defendants, HEALTHSOUTH OF SARASOTA LIMITED PARTNERSHIP, HEALTHSOUTH REAL PROPERTY HOLDINGS, LLC, HEALTHSOUTH CORPORATION, SARASOTA REHAB ASSOCIATES, INC. ("Healthsouth"), and the individually named Defendant, ALEXANDER DeJESUS, M.D, for treble damages and civil penalties for their violations of the FCA.

3.     Prior to the filing of this Complaint, and required by the FCA, 31 U.S.C. § 3730(b)(2), Relators have previously provided to the Attorney General of the United States and to the United States Attorney for the Middle District of Florida, a Sworn Disclosure Statement containing all material evidence and information related to this complaint.   The Sworn Disclosure Statement is supported by material evidence known to the Relators establishing the existence of Defendants' false claims.   Because the Sworn Disclosure Statement includes attorney-client communications and work product of Relators' attorneys, and is submitted to the Attorney General and to the United States Attorney in their capacity as potential co-counsel in the litigation, the Relators understand this disclosure to be Confidential.

## II.   PARTIES, JURISDICTION AND VENUE

4.     This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq.*  This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1345; and 31 U.S.C. § 3732(a).

5.     Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because the acts proscribed by 31 U.S.C. § 3729 and complained of herein took place at a health care facility located in the Middle District of Florida, and is also proper pursuant to 28 U.S.C. § 1391(b) and (c) because at all relevant times the corporate Defendants transacted business in the Middle District of Florida and the individual Defendant resides in this District.

6.      Defendant, Healthsouth of Sarasota Limited Partnership, an Alabama limited partnership; its General Partner, Healthsouth Real Property Holdings, LLC, a Delaware Limited Liability Company; and its member, Healthsouth Corporation, a Delaware corporation (hereafter collectively "Healthsouth"), provide In-Patient and, from 2005 to 2009, Out-Patient, therapy and rehabilitative services at their hospital located at 6400 Edge Lake Drive, Sarasota, Florida 34240 ("Healthsouth's Hospital").

7.      Sarasota Rehab Associates, Inc., a Florida corporation, provides the services of its sole officer and director, Dr. Alexander DeJesus ("DeJesus") to Healthsouth, where he is the Hospital's Medical Director.

8.      Relator, Emese Simon, M.D., has had since 2005 a Medical Directorship with Healthsouth and is an "Admitting Staff Member" at Healthsouth's Hospital.   She serves as Healthsouth's Director of the Spinal Cord Injury Program and as the Chair of its Pharmaceuticals and Therapeutics Committee.   She also served as Healthsouth's Hospital Chief of Staff in 2008. She is a Fellow of the American Academy of Physical Medicine and Rehabilitation.

9.      Relator, Stephen Berkes, M.D., has been since 2007 a "Consulting and Admitting Staff Member" at Healthsouth's Hospital. He is Board Certified in Internal Medicine.

10.     While serving as Healthsouth's Director of the Spinal Cord Injury Program and as an Admitting Staff Member at the hospital, Relator Dr. Simon was retaliated against by Healthsouth on November 1, 2010 and since then, because she raised ethical issues concerning violations of the Act.  The retaliation is more fully described in Count IV herein.

## III.   ALLEGATIONS COMMON TO ALL COUNTS

### A.     MEDICARE AND MEDICAID PROGRAM REQUIREMENTS

11.     Therapy and rehabilitative care is an approach to help individuals who are healthy enough for a meaningful recovery and have a reasonable life expectancy.

12.     Therapy and rehabilitative services are provided by Healthsouth's Hospital, which is an In-Patient Rehabilitation Facility (IRF).

13.     In 1965, Congress enacted Title XVIII of the Social Security Act to pay for the cost of certain medical services for persons aged 65 and older, certain persons with disabilities and persons with kidney failure.

14.     The U.S. Department of Health and Human Services ("HHS") administers the Supplementary Medical Insurance Program for the Aged and Disabled ("Medicare") through the Centers for Medicare & Medicaid Services ("CMS"), a division of HHS formerly known as the Health Care Financing Administration ("HCFA").

15.     The Medicare program has four parts, two of which are pertinent here: Medicare Part A ("Hospital Insurance Program"), which provides for care in or by institutional providers, *see* 42 U.S.C. § 1395c, *et seq.*; and Medicare Part B ("Supplemental Medical Insurance Program"), which pays for physician services and a variety of outpatient services, such as therapy and rehabilitative care. *See* 42 U.S.C. § 1395j, *et seq.*

16.     In order to participate in the Medicare program, a health care provider must meet the applicable qualifications and enroll in the Medicare Program.

17.     Under Medicare regulations, the term "Provider" means a hospital, a critical access hospital, a skilled nursing facility, a comprehensive outpatient rehabilitation facility, a home health agency, or a hospice that has in effect an agreement to participate in Medicare, "or a clinic, a rehabilitation agency, or a public health agency that has in effect a similar agreement but only to furnish outpatient physical therapy or speech pathology services," or a community mental

health center that has in effect a similar agreement but only to furnish partial hospitalization services. 42 CFR § 400.202. Healthsouth is a "Provider" under the Regulations.

18.     Providers such as Healthsouth must comply with the requirements of the Medicare and Medicaid programs in order to be eligible to receive payments from these programs for rehabilitative services.

19.     Section 4421 of the Balanced Budget Act of 1997 (Public Law 105-33) modified how payment is made for IRF services by creating Section 1886(j) of the Social Security Act (the "SS Act"), which authorized the implementation of a per-discharge prospective payment system (PPS) for inpatient rehabilitation hospitals and rehabilitation units of acute care hospitals, such as the IRF operated by Healthsouth.

20.     The IRF PPS payment for each patient is based on information found in the IRF Patient Assessment Instrument (PAI), which contains patients' clinical, demographic and other information, and classifies the patients into distinct groups based on clinical characteristics and expected resource needs.   Separate payments are calculated for each group, including the application of case and facility level adjustments.

21.     The IRF PPS includes the following elements:

        a.     *Rates.*  As required by § 1886(j) of the SS Act, the federal rates reflect all costs of furnishing IRF services (routine, ancillary, and capital related) other than costs associated with operating approved educational activities as defined in 42 C.F.R. 413.75 and 413.85, bad debts, and other costs not covered under the PPS.

        b.     *Classification criteria.*  IRFs must meet a minimum percentage of a facility's total in patient population, known as a "compliance threshold."  As of July 1, 2006, the Medicare, Medicaid and SCHIP Extension Act of 2007 (Public Law 110-173) stipulated that the

compliance threshold should be set no higher than 60 percent, which is now referred to as the "60 percent rule." The SS Act also stipulated that comorbidities that meet certain criteria as specified in 42 C.F.R. 412.23(b)(2)(i) must continue to be used to determine the compliance threshold. Since May 7, 2004, there are 13 medical conditions that qualify for the 60 percent rule and include: stroke, burns, spinal cord injury, major multiple trauma, congenital deformity, amputation, fracture of femur (hip fracture), brain injury, and neurological disorders (including multiple sclerosis), motor neuron disease, polyneuropathy, muscular dystrophy and Parkinson's disease.

      c.    *A compliance percentage.* This is the percentage of an IRF's total inpatient population that meet at least one of the medical conditions listed as 42 C.F.R. 412.23(b)(2)(ii), and,

      d.    *Reasonable and necessary criteria for determining the reasonableness of IRF claims.* Under Section 1862(a)(1) of the SS Act, effective for discharges that occur on or after January 1, 2010, claims for reasonable and necessary services are assessed under criteria which includes the key decision points considered and documented when making a decision to admit, retain or discharge an IRF patient; certain preadmission assessment requirements; a post-admission physician evaluation to verify that the beneficiary's preadmission assessment information remains unchanged or to document any changes; and specific requirements for an individualized overall plan of care for each individual.

    22.    Among the criteria for determining the reimbursement for admission into the IRF and for the provision of reasonable and necessary therapy and rehabilitative services under the SS Act, the IRF must determine that a beneficiary is:

      a.    Sufficiently medically stable to benefit from IRF services;

      b.      Needs the coordinated care of multiple therapy disciplines uniquely provided in IRFs;

      c.      Benefits from the intensity of rehabilitation therapy services uniquely provided in IRFs;

      d.      Requires close medical supervision for the management of medical conditions to support participation in an intensive rehabilitation therapy program; and

      e.      Possesses the cognitive ability to understand commands and retain information.

23.      Patients should only be admitted when they meet the criteria specified in the previous paragraph.  When patients are improperly admitted because they do not meet the criteria, and the criteria are falsified in order to qualify for payment of a claim, any such falsification for admission is a precursor to a false claim, and all requests for payment for such patients are false claims under the FCA.

**B.**      **FALSE CLAIMS ACT**

24.      Federal law prohibits knowingly presenting or causing to be presented a false or fraudulent claim for payment from the United States Government.  It is unlawful to conspire to defraud the Government by getting a false or fraudulent claim allowed or paid.

25.      The FCA, at § 3729, provides in pertinent part that:

> (a)     *Any person who (1) knowingly presents, or causes to be presented to an officer or employee of the United states Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government; ... or (4) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,*
>
> * * *
>
> *is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000, plus 3 times the amount of damages which the Government sustains because of the act of that person*
> * * *
>
> (b)     *For    purposes    of    this    section,    the    terms "knowing" and "knowingly" mean that a person without respect to information (1) had actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.  31 U.S.C. §3729.*

26.     On May 20, 2009, Congress enacted the Fraud Enforcement and Recovery Act ("FERA"), which amended 31 U.S.C. § 3729(a)(1) and (a)(2), which became § 3729(a)(1)(A) and (a)(1)(B), respectively.   After the FERA amendments, § 3729(a)(1) currently provides liability for any person who:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; or,
>
> (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);

§ 3729(a)(1).

27.     Under the FERA amendments, liability under § 3729(a)(1)(A) or (C) applies to all conduct by the Defendants which occurred after the date of the FERA enactment, May 20, 2009.

For liability for false claims under § 3729(a)(1)(B), FERA provides that this provision applies retroactively to all false claims made by Defendants which were pending on or after the date of June 7, 2008. False claims in this action pre-date the FERA amendments since they began in January 2006 and are thus brought under the pre-FERA amendments to the FCA. False claims continue through the present and thus also fall within the post-FERA amendments.

## C.     ELIGIBILITY FOR THERAPY AND/OR REHABILITATIVE CARE

28.     Healthsouth, and DeJesus as Healthsouth's Medical Director, are responsible for determining eligibility for admission, participation in the establishment of the Plan of Care, provision or supervision of therapy or rehabilitative services, periodic review and updating of the Plan of Care for each individual receiving care, and establishment of policies governing the day-to-day provisions of services. 42 C.F.R. § 418.68(b). DeJesus appointed himself as the approval authority for every admission and as more fully discussed herein, in violation of the Stark Act, 42 U.S.C. § 1395 nn (2010) and the Florida Patients Self Referral Act (§ 456.053), Florida Statutes (2010), admits patients to himself.

29.     Medicare regulations require that a facility maintain a clinical record for each patient. 42 C.F.R. § 418.74.

30.     Each patient's clinical record must contain 1) the initial and subsequent assessments; 2) the Plan of Care; 3) identification data; 4) consent and authorization and election forms; 5) pertinent medical history; and 6) complete documentation of all services and events (including evaluations, treatments, progress notes, etc.). 42 C.F.R. § 418.74(a).

31.     A patient's clinical record must be sufficient to support claims for payment in that it must contain documentation to support the patient's treatment, progress and prognosis. 42 C.F.R. § 418.74.

### D.   DEFENDANTS' SCHEME TO DEFRAUD THE UNITED STATES GOVERNMENT

32.     Healthsouth and DeJesus are and have been from at least January 2006 to the present, engaged in a scheme to fraudulently charge the Medicare and Medicaid programs for therapeutic and rehabilitative services, in that, specifically, Defendants routinely and, as a pattern and practice, presented and/or caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. § 3729(a) and Florida Statutes § 68.082(2), by knowingly submitting false or fraudulent claims to Medicare and Florida Medicaid for services rendered to patients who were: (1) ineligible for admission into Healthsouth's IRF under the SS Act (see paragraphs 22 and 23 herein); and/or (2) which did not meet professionally recognized standards of health care; and/or (3) submitted claims for payment for therapeutic and rehabilitative services that were being performed by uncertified personnel.   In summary, the fraud consists of the following acts committed by Defendants from at least January 2006 through the present date:

(a)     Defendants knowingly and falsely certified patients as eligible to receive therapeutic and rehabilitative services who were not eligible for Medicare and Medicaid reimbursement, in order to falsely inflate the numbers of patients eligible for such benefits, and knowingly submitted false claims for payment for such ineligible patients.   The false certifications include, but are not limited to, fabricated diagnoses, concealment of a patient's true condition in listing eligible criteria but not recording conditions that would show ineligibility; improperly detaining in the hospital patients whose condition was such that they no longer benefited from IRF services and who thus became ineligible for reimbursement; and falsifying a patient's physical examination to demonstrate criteria for eligibility.   In fact, at a minimum, at any given time, at least two-thirds of the average patient population of 70 patients in

Healthsouth's IRF were ineligible for admission. The Defendants, knowing the ineligibility of the majority of Healthsouth's patients, conspired to submit and/or submitted to the Government claims for payment of $1,000 per day;

(c)     Defendants also knowingly submitted false clams for payment by routinely billing for more services than were medically necessary, for example, over-utilization of consulting services, as more fully described in Section (III)(G) below;

(d)     Defendants also knowingly submitted false claims for payment by billing Medicare for services at a higher level than actually performed, for example, billing for "one-on-one" physical and occupational therapy services when the therapist was servicing multiple patients during the same time period, as more fully described in Section (III)(G) below;

(e)     Defendants also knowingly submitted false claims for payment by billing Medicare for patients who were referred to Defendants Healthsouth and DeJesus pursuant to an illegal kickback scheme with medical facilities and doctors, as more fully described in Section (III)(F);

(f)     Defendant Healthsouth falsely certified on Requests for Payment for IRF services that Healthsouth was in compliance with the federal and state healthcare statute and regulations, in order to ensure payment by the Government;

(g)     Defendant DeJesus routinely inflates the time he bills Medicare for providing patient services;

(h)     Defendants also knowingly submitted false claims for payment by billing Medicare for "physical and occupational therapy" services performed by unqualified persons, who were neither licensed under state law nor enrolled in or met Medicare requirements for

providing therapy.   For example, Relator observed kitchen staff providing physical and occupational therapy, as more fully described in Section (III)(G);

(i)   In furtherance of the fraud, Defendants discriminated against Relator Simon for her disclosure of the fraud to Defendants and reporting of other ethical violations, as described in Count IV.

33.   As a result of Defendants' foregoing actions, Healthsouth wrongfully obtained tens of millions of dollars from the United States that it was not entitled to receive and DeJesus personally benefitted from the fraudulent scheme.

### E.   ADMITTING AND RETAINING PATIENTS WHO DO NOT QUALIFY FOR MEDICARE SERVICES

34.   Healthsouth and DeJesus have consistently admitted patients who are not eligible for admission under Medicare eligibility criteria and the Act, by falsifying the diagnoses of such patients to make them appear to the Government to be eligible for admission and reimbursement for IRF services when, in fact, they were not, or, if eligible, to make the diagnoses appear qualifying under the 60% Rule referenced in Paragraph 21(b) of this Complaint.   A spreadsheet showing examples of such improperly admitted patients and their false diagnoses is attached as **Composite Exhibit 1**.   Exhibit 1 shows a sampling of patients who were admitted to Healthsouth by Dr. Dejesus under a "false" diagnosis and were thus ineligible to receive inpatient rehabilitation services from Medicare.   On information and belief, Healthsouth billed Medicare for rehabilitation services provided to the patients listed in Composite Exhibit 1, despite their ineligibility.

35.   One example of an egregious ineligible admission concerns Patient V.   Patient V was admitted first on June 24, 2010 by Dr. DeJesus as an 81 year old with "progressive weakness," inability to ambulate, and knee abrasions.   Relator Dr. Simon's review of the

patient's History and Physical/Post Admission Physician Evaluation ("H&P") and actual assessment reveals that the patient was a severe alcoholic. He was discharged on July 8, 2010 after it was noted that he had no problem walking (due, of course, to his now being sober). Patient V was re-admitted again on May 8, 2011, when EMS arrived at his home to find him drunk. He was retained until May 26, 2011. To make him appear eligible for admission and reimbursement under Medicare, Dr. DeJesus gave him an admission diagnosis of "disuse myopathy."

36.     Another egregious example of an improper admission concerns Patient R. Relator Dr. Simon reviewed Patient R's H&P and has first hand knowledge of this Patient's condition. Patient R was paralyzed below the waist due to an inoperative cancerous mass on his spinal cord. He was admitted at Healthsouth on September 27, 2011 for inpatient rehabilitation. His records showed that the cancer had metastasized and had traveled into his kidneys. His condition was terminal and he was therefore ineligible for rehabilitation. His Plan of Care, however, included physical therapy for three hours a day, five days a week, the required minimum for Medicare reimbursement, in order to have him gain "full weight bearing status" in his "lower extremities," an impossibility given the inoperative tumor on his spine. On October 17, 2011, Dr. Daniel Hume noted in the H&P that the patient's prognosis was "good to achieve these results," which was a medical impossibility.

37.     Another example of improper admission is Patient D.   Relator Dr. Simon reviewed Patient D's H&P and has first-hand knowledge of his condition. Patient D was a 93 year old who had prostate cancer which had metastasized.   He was clearly ineligible for rehabilitation due to his imminent terminal diagnosis and died 16 days after being admitted by Dr. DeJesus into the hospital on October 1, 2011, with a diagnosis of "disuse myopathy."  Dr.

13

DeJesus noted in the H&P that Patient D was being admitted for "comprehensive inpatient rehabilitation." After the hospital received 16 days of improper reimbursement for Patient D, hospice was finally consulted on October 17, 2011, the day Patient D died.

38.    On information and belief, Defendant Healthsouth billed Medicare for rehabilitation services for Patients V, R and D, despite their ineligibility for admission under Medicare regulations.

39.    Staff at Healthsouth have specifically been instructed by the Defendants to admit patients who are not appropriate for admission under Medicare criteria with the assurances from Defendants that other staff would be responsible for obtaining supporting documentation of appropriateness.

40.    Relators estimate that at least 66% of the daily patient census admitted to Healthsouth's hospital were not qualified for admission under Medicare criteria. The daily patient census has changed during the relevant period from 35 patients in January 2006 to 86 patients in October 2011, even though the population of Sarasota has not significantly increased and the admission criteria became more restrictive.

41.    Since January 2006 to present, Healthsouth has obtained payment from Medicare for, on average, 40 ineligible patients a day at $1,000 a day or $14.6 million a year, for a total of $87.6 million to date.

42.    Healthsouth and DeJesus have also routinely delayed patient discharges in order to continue billing their fraudulent charges to Medicare by intentionally prolonging the process of determining whether a patient no longer requires care in order to inflate their charges to Medicare. For example, Relators know that some patients who should be immediately referred to a Skilled Nursing Facility ("SNF") or Acute Care Facility ("ACF") or a Hospice, are retained

in the hospital for the maximum time to ensure that Healthsouth obtains the maximum amount from Medicare based on number of days in the hospital.

43.     Healthsouth and DeJesus also have engaged in a fraudulent scheme to bill Medicare and Medicaid for internal medicine, pulmonology, psychological, psychiatric and similar consultation services that were over utilized and medically unnecessary. A spreadsheet of examples of unnecessary consults showing Medical Record Number, Date and Type of Consultation, etc., is attached as **Composite Exhibit 2**. Relator Simon has personal knowledge of the patients listed in Composite Exhibit 2 and the medically unnecessary nature of each of the consults for these patients.    Additionally, Relator Simon is aware that Dejesus orders a consultation for virtually every patient he admits for rehabilitation at Healthsouth.

44.     In some cases, and as more fully described herein, Healthsouth and DeJesus use the frequent billing and reimbursement of consultation services as an incentive to doctors outside the hospital to refer ineligible patients to the hospital and DeJesus.

45.     DeJesus has also fraudulently billed Medicare and Medicaid for the number of hours for which he has allegedly provided services.   Attached as **Composite Exhibit 3** are DeJesus' time records for the time period of October 17, 2011 to October 21, 2011. His records show that during this time period DeJesus averaged 13.18 billable hours/day, and on two days he billed in excess of 16 hours/day for patient services, in addition to his administrative duties as Medical Director.

46.     The Defendants earn their income from the provision of therapeutic and rehabilitative services, and their fraudulent and deceitful scheme intentionally caused the payment of Medicare claims which were false or fraudulent in order to enrich themselves.

47.     Relators gained direct and independent knowledge of the above mentioned false claims by working as the Program Medical Director and as a medical staff doctor for Defendants. Their knowledge was gained by actual observation and experience at Healthsouth's IRF, including knowledge gained by talking with other staff members employed at the hospital and in a review of medical records they were authorized to access or that were readily accessible.

## F.     PATIENT BROKERING: ESTABLISHING ILLEGAL KICKBACK SCHEMES IN ORDER TO INCREASE REFERRALS

48.     In order to elicit increased referrals from medical facilities and doctors, Healthsouth and DeJesus provide referring physicians with the opportunity to be reimbursed by Medicare for improper and medically unnecessary consultations in violation of the Medicare Anti-Kickback Statute, 42 U.S.C. 1320a-7b, Florida's Patient Brokering Statute, § 817.505(a)(a) and the Stark Law, 42 U.S.C. 1395nn.  In other words, referring physicians know that patients they refer will be improperly admitted, and that the referring doctors will, in turn, receive back from Healthsouth and DeJesus medically unnecessary consultations for which they can and do bill Medicare as a way to conceal what is in reality an illegal kick-back fee.

49.     Healthsouth and DeJesus have offered kickbacks in the form of these medically unnecessary consult fees to incentivize illegal referrals in violation of the above-referenced statutes.  These consultations performed by referring doctors, specifically doctors from the Intercoastal Medical Group, were not commercially reasonable and did not further the business purpose of Healthsouth, since the consultations were not medically necessary and performed on patients improperly admitted.

50.     The acts of Healthsouth and DeJesus violated the Anti-Kickback Statute and Stark Laws; and thus resulted in the knowing submission of false claims for reimbursement from Medicare for patients referred under an illegal kickback scheme since, under the Patient

Protection and Affordable Care Act ("PPACA"), a violation of the Anti-Kickback Statute is a false claim and Florida's statute prohibits such acts outright .

51.     A spreadsheet of examples of the illegal referrals/consultations is attached as **Composite Exhibit 4**.  The patients listed in Exhibit 4 were patients in which the referring doctor was also retained by Healthsouth to perform a consult.  The consult was not medically necessary and the patients in this Exhibit were not eligible to receive rehabilitation services under Medicare.  On information and belief, Healthsouth billed Medicare and received payment for the rehabilitation and consultation services for the patients identified in Exhibit 4.

### G.     PROVIDING IMPROPER STAFFING AND UNLICENSED PROVIDERS

52.     Healthsouth has provided inadequate staffing levels for its patients and has consistently allowed unlicensed individuals to provide patient care.

53.     For example, Healthsouth has allowed non-medical staff to provide medical services to patients, including several instances observed by Relator Dr. Simon in which kitchen staff provided group physical therapy to patients.  These instances of kitchen staff providing group therapy occurred in February, 2006 and Healthsouth billed Medicare for individual physical therapy by a licensed therapist for these patients who received group therapy from kitchen staff.

54.     Additionally, since January 2006 and through the present day, Healthsouth, routinely provides "group" therapy to patients, rather than individual therapy as required by Medicare regulations.  Relator Dr. Simon has witnessed these sessions multiple times in 2011 where one physical therapist provided therapy to a group of patients at one time.  Healthsouth has billed Medicare for reimbursement for individual therapy for these patients, falsely certifying that they received individual therapy.

55.     Finally, Healthsouth has allowed unlicensed students to provide treatment to patients, without the supervision of a licensed provider.   Specifically, Healthsouth routinely allows unlicensed physical therapy students to provide therapy to patients, without the supervision by a licensed therapist.   Relator Dr. Simon has observed this practice on multiple occasions in the years since 2007 to the present and has personal knowledge that Healthsouth billed Medicare for these patients for therapy performed by a licensed provider.

## IV.   SEPARATE COUNTS

### Count I: Presenting and Causing to Be Presented
### False and Fraudulent Claims in Violation of 31 U.S.C. §§ 3729(a)(1)

56.     Relators re-allege and incorporate by reference paragraphs 1 through 55.

57.     This is a claim for treble damages, civil penalties and attorneys' fees under the False Claims Act, 31 U.S.C. § 3729, et seq., as amended.

58.     By means of the acts described above and from at least January 2006 through the present, Defendants knowingly presented or caused to be presented false and fraudulent Medicare and Medicaid claims for payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729(a)(1).

59.     Defendant, Healthsouth, by or through its agents, officers or employees, including Defendant DeJesus, knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the United States Government.

60.     The United States, unaware of the falsity of the claims made by the Defendants, and in reliance on the material fraudulent or false representations within the claims, approved, paid and participated in payments for claims that would otherwise not have been allowed or paid.

61.     By reason of these payments, the United States has been damaged, and continues to be damaged, in an amount yet to be determined.

## Count II:  Causing and Making False and Fraudulent Claims, Records and Statements to be Presented in Violation of 31 U.S.C. §§ 3729(a)(2)

62.     Relators re-allege and incorporate by reference paragraphs 1 through 55.

63.     This is a claim for treble damages, civil penalties and attorneys' fees under the False Claims Act, 31 U.S.C. § 3729, et seq., as amended.

64.     By means of the acts described above and from at least 2006 through the present, Defendants knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the United States.

65.     The United States, unaware of the falsity of the claims made by the Defendants, and in reliance on the material fraudulent or false representations, approved, paid and participated in payments for claims that would otherwise not have been allowed.

66.     By reason of these payments, the United States has been damaged, and continues to be damaged, in an amount yet to be determined.

## Count III:  Conspiring to Defraud in Violation of 31 U.S.C. §§ 3729(a)(3)

67.     Relators re-allege and incorporate by reference paragraphs 1 through 55.

68.     This is a claim for treble damages, civil penalties and attorneys' fees under the False Claims Act, 31 U.S.C. § 3729, et seq., as amended.

69.     By means of the acts described above, Defendants knowingly conspired to defraud the United States by getting false or fraudulent claims allowed or paid by the United States.

70.     The United States, unaware of the falsity of the claims made by the Defendants, and in reliance on the material fraudulent or false representations, approved, paid and participated in payments for claims that would otherwise not have been allowed or paid.

71.     By reason of these payments, the United States has been damaged, and continues to be damaged, in an amount yet to be determined.

## Count IV: Discrimination Claim of Relator, Emese Simon,
## Against Defendants Pursuant to 31 U.S.C. § 3730(h)

72.     Simon re-alleges and incorporates by reference paragraphs 1 through 55.

73.     This is an action pursuant to 31 U.S.C. § 3730(h).

74.     By virtue of the activities described above, Relator Dr. Simon has engaged in conduct protected under the False Claims Act.

75.     Defendants, Healthsouth and DeJesus were aware of Relator Dr. Simon's actions.

76.     Defendants, Healthsouth and DeJesus discriminated against Relator Dr. Simon, from at least March 2008 through the present, in retaliation for her aforesaid conduct protected under the False Claims Act, as follows:

(a)     In March 2008, DeJesus verbally assaulted and threatened Relator Dr. Simon when he cornered her near the Nursing Station by the hand washing sink and said, "You are young and you don't know the rules in this place.   Remember what happened to Dr. McGahran – same thing can happen to you if you don't respect the rules of the territorial distribution of patients (a scheme whereby DeJesus divides up the patient load in violation of the Patient's Right to Medical Care of Choice, in order to maximize his billings). The only reason you are here is because I need you to be on call. I can destroy you." This incident took place in the presence of Isabella Polivchak and Cindy Tyler, registered nurses.

(b)     In September 2009, Dr. DeJesus said, "I don't really need you anymore," and he removed Relator Dr. Simon from the Medical Executive and Credentialing Committees and removed her as Medical Chief of Staff.

(c)     In 2010, Relator Dr. Simon was advised that she could no longer admit patients unless she could provide a written request from a referring physician, which is a violation of the Patient's Right to Medical Care of Choice.  In the cases in which she provided such letters, the referring physicians have been advised by Healthsouth and DeJesus that the doctors must revoke the letters because they "discriminate" against other doctors.

79.     The retaliation suffered by Relator Dr. Simon was discriminatory, and in violation of 31 U.S.C. § 3730(h).  As a consequence, Relator Dr. Simon's income was dramatically reduced and her admitted patient load went from 30 patients to 4.

80.     By virtue of this discrimination, Relator Simon has suffered damages.

### Demand for Relief

WHEREFORE, Relators respectfully request this Court enter judgment against the Defendants as follows:

(a)     That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false and fraudulent claims alleged within this Complaint, as the Civil False Claims Act, 31 U.S.C. "3729 *et seq.* provides;

(b)     That civil penalties be imposed in the maximum amount for each and every false and fraudulent claim that Defendants presented to the United States;

(c)     That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs and expenses which the Relators necessarily incurred in bringing and pursuing this action;

(d)     That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act violations for which redress is sought in this Complaint;

(e) That pursuant to § 3730(d); Relators be awarded the maximum percentage of the amount recovered by the United States as a result of this action.

(f) That Relator Dr. Simon be awarded compensation for the retaliatory discrimination in violation of § 3730(h) in the following amounts:

> i) lost compensation based on the same seniority status as she would have had but for the discrimination;
>
> ii) two times the amount of back pay;
>
> iii) interest on the back pay; and,
>
> iv) compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees;

(g) That this Court award such other and further relief as it deems proper.

### Demand for Jury Trial

Relators, on behalf of themselves and the United States, demand a jury trial on all claims alleged herein.

Respectfully submitted,

John S. Vento, Esq.
Florida Bar No. 0329381
Mark D. Kiser, Esq.
Florida Bar No. 0420409
TRENAM, KEMKER
Post Office Box 1102
Tampa, Florida 33602
Telephone: (813) 223-7474
Facsimile: (813) 229-6553
Attorneys for Qui Tam Relator

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing False Claims Act Complaint and Demand for Jury Trial has been furnished by *Hand-Delivery* and *Certified Mail* to: **James O'Neill**, United States Attorney, United States Attorney's Office, 400 N. Tampa Street, Ste. 3200, Tampa, FL 33602; **Civil Process Clerk**, 400 N. Tampa Street, Suite 3200, Tampa, FL 33602 and by *Certified Mail, Return Receipt Requested* to **Eric Holder**, United States Attorney General, Dept. Of Justice, 950 Pennsylvania Ave., N.W., Washington, D.C. 20530-001 on this 3rd day of February 2012.

Attorney

5631159

**COMPOSITE EXHIBIT "1"**

## IMPROPER ADMISSIONS

| MR# | REAL DIAGNOSIS | ADMITTING FALSE DIAGNOSIS | ADMISSION DATE | DISCHARGE DATE | COMMENTS |
|---|---|---|---|---|---|
| 302389 | Ankle fracture conservatively managed | Disuse Myopathy | 10/06/11 | 10/24/11 | |
| 294605 | Right superior inferior pubis ramus fracture | Disuse Myopathy | 10/18/11 | | Previous admissions: 2/12/07-3/3/07 6/24/09-7/7/09 5/6111-5117/11 |
| 302460 | Tendon repair left foot | Ataxia | 10/21/11 | | Admission from home, non-weight bearing left LE |
| 302457 | Congestive heart failure | Disuse Myopathy | 10/21/11 | | |
| 302439 | Coronary artery disease with bypass graft | Disuse Myopathy | 10/17/11 | | |
| 302466 | Pneumonia | Disuse Myopathy | 10/23/11 | | |
| 302412 | Meningitis | Disuse Myopathy | 10/12/11 | | |
| 302180 | Hernia repair | Disuse Myopathy | 10/21/11 | | |
| 302400 | End stage kidney disease on dialysis | Stroke | 10/10/11 | | Stroke in 2008 with chronic left hemiparesis, was in SNF before |
| 302364 | T10-11 compression fractures | Disuse Myopathy;Ataxia; Closed head injury | 09/28/11 | 10/12/11 | Psychiatry/IMG consults |
| 290909 | Pelvis fracture | Ataxia | 09/29/11 | 10/18/11 | IMG/nephrology consults |
| 302369 | TII-12 discitis | Disuse Myopathy | 09/30/11 | 10/14/11 | IMG/IMG neurology/Infectious disease/Psychiatry/ Hematology consults |
| 301156 | Nondisplaced femur fracture | Ataxia | 09/25/11 | 10/13/11 | IMG Previous admissions 1212/10-12/15/1 0 with low back pain |
| 302312 | Bilateral pleural effusions, B-cell lymphoma | Disuse Myopathy | 09/26/11 | 10/08/11 | Acute care transfer Pulmonologist, Internal medicine, gastroenterology, psychology consults |
| 302355 | Breast cancer with bone metastasis, malignant pleural effusion | Disuse Myopathy | 09/26/11 | 10/07/11 | |
| 302357 | LII2 laminectomy | Disuse Myopathy | 09/26/11 | 09/27/11 | Acute care transfer after fall in hospital |
| 302261 | Hip osteoarthritis | Ataxia | 09/01/11 | 09/14/11 | Internal medicine/psychiatry y consults |
| 30266 | Acute gastroenteritis, low back pain | Disuse myopathy | 09/02/11 | 09/10/11 | IMG consult |

## IMPROPER ADMISSIONS

| MR# | REAL DIAGNOSIS | ADMITTING FALSE DIAGNOSIS | ADMISSION DATE | DISCHARGE DATE | COMMENTS |
|---|---|---|---|---|---|
| 302260 | Hernia repair | Disuse Myopathy | 09/01/11 | 09/09/11 | IMG consult |
| 23703 | Right ankle fracture | Ataxia | 09/01/11 | 09/10/11 | SNF discharge Internal medicine consult |
| 302263 | Mental status changes, TIA | Disuse Myopathy | 09/02/11 | 09/20/11 | HOME WITH HOSPICE IMG/Psychiatry/Psychology/IMG Neurology |
| 301429 | Right knee pain and patellar effusion | Ataxia | 08/31/11 | 09/13/11 | IMG consult |
| 299732 | Recurrent pneumonia | Disuse Myopathy | 08/31/11 | | Acute care  discharge Recurrent admissions 11/15/09 12/31/10 |
| 300549 | Alcoholic; unable to stand; noncompliant with medications | Disuse Myopathy | 05/08/11 | 05/26/11 | Previous admission one year prior diagnosed with gait ataxia which is related to Alcohol abuse |
| 302359 | Renal Cell carcinoma with widespread metastases considered nonoperative; paralyzed from waist down due to spinal cord mass | | 09/27/11 | | Physical Therapy to gain full weight bearing status will be allowed to bilateral lower  extremities as tolerated |
| 302373 | Monastic prostate cancer which spread to liver and lung. | Disuse Myopathy | 10/01/11 | | Patient died 16 days after admissions |

**COMPOSITE EXHIBIT "2"**

# UNNECESSARY CONSULTATIONS

| MEDICAL RECORD NUMBER | REASON C0NSULTS UNNECESSARY | UNNECESSARY CONSULTATIONS | ADMIT DATE | REFERRING DOCTOR |
|---|---|---|---|---|
| 302385 | CAD; BYPASS SURGERY | Brian Donovan, MD Internal Medicine; Howard Diener, MD Pulmonology | 10/05/2011 | Thomas Kelly, M.D. |
| 302396 | Pneumonia | John Weaver, MD Internal Medicine; James Gordon, MD Gastroenterologist; Howard Diener, MD Pulmonology | 10/08/2011 | |
| 302400 | Renal Insufficiency | Daniel Hume, MD Internal Medicine; Lazo Pipovski, MD Nephrology; Paula Cooper, MD Psychology | 10/10/2011 | Doctors Hospital, Sarasota |
| 302407 | Right Nephrectomy | Daniel Hume, MD Internal Medicine; Michael Milam, MD Infectious Disease; Mark Ramos, MD Cardiology | 10/11/2011 | Blake Hospital |
| 302383 | Disuse Myopathy; Right elbow fracture | Sudha Tallapragada, MD Infectious disease; Diane Miller, MD Psychiatry | 10/04/2011 | Venice Regional Medical Center |
| 302348 | Closed Head Injury; Disuse Myopathy | Daniel Hume, MD, Brian Donovan, MD Internal Medicine; Howard Diener, MD Pulmonology; T.K. Satya, MD Cardiology | 09/23/2011 | Doctors Hospital |

| MEDICAL RECORD NUMBER | REASON C0NSULTS UNNECESSARY | UNNECESSARY CONSULTATIONS | ADMIT DATE | REFERRING DOCTOR |
|---|---|---|---|---|
| 302369 | T11-12 diskitis | Robert Marcantonio, MD Internal Medicine; Mauricio Concha, MD Neurology; Fariba Donovan, MD Infectious Disease; Hematology; Diane Miller, MD Psychiatry | 09/30/2011 | Doctors Hospital |
| 302401 | Acute Care transfer | Adam Getzels, MD Internal Medicine (IMG) | 10/10/2011 | Doctors Hospital |
| 302392 | Advanced Rheumatoid Arthritis | Adam Getzels, MD Internal Medicine; Roberto Mercado, MD Infectious Disease | 10/07/2011 | Doctors Hospital |
| 302256 | "Weakness due to Dialysis" | Daniel Hume, MD Internal Medicine; Steven Fineman, MD Nephrology; Fariba Donovan, MD Infectious Disease | 10/10/2011 | HealthSouth Ridgelake Hospital; Doctors Hospital |
| 302364 | "Weakness and back pain" | Joseph Creevy, MD Internal Medicine; Diane Miller, MD Psychiatry | 09/28/2011 | Doctors Hospital Emergency Department |
| 302408 | Bruised Rib due to fall | John Weaver, MD Internal Medicine | 10/11/2011 | Sarasota Memorial Hospital |
| 302399 | "Weakness" and Osteoarthritis | Michael Milam, MD; Infectious Disease  Daniel Hume, MD Internal Medicine | 10/10/2011 | Doctors Hospital |
| 302375 | Superficial Terminal Muscle tear; 96 years old | Paula Cooper, MD Psychology; Diane Miller, MD Psychiatry; Howard Diener, MD Pulmonology; Bonnie Gabriel, MD Internal Medicine (IMG) | 10/03/2011 | Sarasota Memorial Hospital |

| MEDICAL RECORD NUMBER | REASON C0NSULTS UNNECESSARY | UNNECESSARY CONSULTATIONS | ADMIT DATE | REFERRING DOCTOR |
|---|---|---|---|---|
| 302373 | 93 year old prostate cancer | Howard Diener, MD Pulmonology; Linell King MD Internal Medicine | 10/01/2011 | Venice Regional Medical Center |
| 302393 | Fell out of bed and struck head | Roberto Mercado, MD Infectious Disease; Julius Anchela, MD Neurologist; Lazo Pipovski MD Nephrology; John Weaver, MD Internal Medicine (IMG) | 10/07/2011 | Doctors Hospital |
| 302410 | 85 year old with lower back pain | Bonnie Gabriel, MD Internal Medicine (IMG); Herman Weber,  MD & Steven Fineman, MD Nephrology | 10/11/2011 | Sarasota Memorial Hospital |
| 302388 | 78 year old stroke victim | Diane Miller, MD Psychiatry; Lance Cassell, MD PM&R; Jullius Ancheta, MD Neurologist | 10/06/2011 | Venice Regional Medical Center |
| 302405 | Weakness; fell down | Daniel Hume, MD Internal Medicine; Fariba Donovan, MD Infectious Disease Lazo Pipovski MD Nephrology; | 10/10/2011 | Lakewood Ranch Medical Center |
| 302330 | Fell down; Rib Fracture | Daniel Hume, MD Internal Medicine; Lazo Pipovski, MD Nephrology; Mauricio Concha, MD Neurology | 09/23/2011 | Doctors Hospital |
| 302377 | Motor vehicle accident; T4 Fracture | Brian Donovan, MD Internal Medicine; Sudha Tallapragada, MD Infectious Disease; Diane Miller, MD Psychiatry | 10/03/2011 | Home |

| MEDICAL RECORD NUMBER | REASON C0NSULTS UNNECESSARY | UNNECESSARY CONSULTATIONS | ADMIT DATE | REFERRING DOCTOR |
|---|---|---|---|---|
| 289290 | Trip and fall; Bruised hip | Brian Donovan, MD Internal Medicine | 09/29/2011 | Sarasota Memorial Hospital |
| 301157 | Fall; Broken ankle | Robert Marcantonio, MD Internal Medicine (IMG) | 09/30/2011 | Doctors Hospital |
| 302404 | 99 year old with Alzheimer's | Joseph Creevy, MD Internal Medicine (IMG) | 10/11/2011 | Sarasota Memorial Hospital |
| 294923 | 86 year old stroke victims | Diane Miller, MD Psychiatry; Julius Ancheta, MD Neurology; Joseph Creevy, MD Internal Medicine (IMG); Paula Cooper, MD Psychology | 10/05/2011 | Sarasota Memorial Hospital |
| 21345 | "Weakness" and back pain | Lazo Pipovski, MD Nephrology; Joseph Creevy, MD Internal Medicine (IMG) | 10/02/2011 | Doctors Hospital Emergency Department |
| 302366 | Broken leg "weakness" | Lazo Pipovski, MD Nephrology; Daniel Hume, MD Family Practitioner | 09/30/2011 | Manatee Memorial Hospital |
| 295346 | Previous Admissions in 2007/2009 Lung cancer; Weakness due to chemotherapy | Robert Marcantonio, MD Internal Medicine (IMG); Howard Diener, MD Pulmonology; Bonnie Gabriel, MD Internal Medicine (IMG); Nephrology | 10/08/2011 | Sarasota Memorial Hospital |
| 298116 | Previously admitted in 2008; Congestive heart failure | Lazo Pipovski, MD Nephrology; Howard Diener MD, Pulmonology; Daniel Hume, MD Family Practitioner; Jullius Ancheta, MD Neurology | 10/04/2011 | Venice Regional Medical Center |

| MEDICAL RECORD NUMBER | REASON C0NSULTS UNNECESSARY | UNNECESSARY CONSULTATIONS | ADMIT DATE | REFERRING DOCTOR |
|---|---|---|---|---|
| 301156 | Multiple admissions; Dr. Getzel patient; fall and bruised hip | Diane Miller, MD Psychiatry; Jullius Ancheta, MD Neurologist; Mark Ramos, MD Cardiology; Howard Diener, MD Pulmonology | 09/25/2011; 12/02/2010; 09/27/2011 | Sarasota Memorial Hospital |
| 302358 | Acute stroke | Diane Miller, MD Psychiatry; Julius Ancheta, MD Neurologist; Mark Ramos, MD Cardiology; Howard Diener, MD Pulmonology | 09/27/2011 | Venice Regional Medical Center |
| 302354 | 87 year old stroke | Diane Miller, MD Psychiatry; Adam Getzels, MD Internal Medicine (IMG) | 09/26/2011 | Sarasota Memorial Hospital |
| 290909 | 89 year old pain | Bonnie Gabriel, MD Internal Medicine (IMG); Lazo Pipovski, MD Nephrology | 09/29/2011 | Doctors Hospital |
| 302394 | 88 year old with "weakness" and Osteoarthritis | Adam Getzels, MD Internal Medicine (IMG); Lazo Pipovski, MD Nephrology; Mark Ramos, MD Cardiology; Jeffrey Kienzie, MD Infectious Disease | 10/07/2011 | Sarasota Memorial Hospital |
| 302352 | 84 year old with pain | Linell King, MD Internal Medicine (IMG); Mark Ramos, MD Cardiology | 09/24/2011 | Venice Regional Medical Center |
| 27151 | Hip fracture | Daniel Hume, MD Internal Medicine; Diane Miller, MD Psychiatry | 10/09/2011 | Home |

| MEDICAL RECORD NUMBER | REASON C0NSULTS UNNECESSARY | UNNECESSARY CONSULTATIONS | ADMIT DATE | REFERRING DOCTOR |
|---|---|---|---|---|
| 301416 | Renal failure | Internal Medicine; Nephrology; Rehab; Neurology; Psychiatry; Psychology | 02/02/2011 | Sarasota Memorial Hospital |

**COMPOSITE EXHIBIT "3"**

# INFLATED HOURS

| # | Document # | MR# | Case # | MT ID# | Dictator ID # | Doctor Last | Report Type | Job # | Dictation D/T | Visit # |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 384277 | 302425 | 3271380007 | 102013 | 252 | DeJesus | Progress Note | 71933779 | 10/17/2011 11:05:00 PM | 302425 |
| 2 | 384281 | 302413 | 3270480009 | 102013 | 252 | DeJesus | Progress Note | 71933780 | 10/17/2011 11:08:00 PM | 302413 |
| 3 | 384321 | 302401 | 3270840010 | 100115 | 252 | DeJesus | Progress Note | 71933781 | 10/17/2011 11:10:00 PM | 302401 |
| 4 | 384267 | 302417 | 3271150004 | 100120 | 252 | DeJesus | Progress Note | 71933782 | 10/17/2011 11:13:00 PM | 302417 |
| 5 | 384273 | 294677 | 3270560014 | 100120 | 252 | DeJesus | Progress Note | 71933783 | 10/17/2011 11:15:00 PM | 294677 |
| 6 | 384279 | 302222 | 3271580003 | 100120 | 252 | DeJesus | Progress Note | 71933784 | 10/17/2011 11:19:00 PM | 302222 |
| 7 | 384264 | 302256 | 3270790011 | 100102 | 252 | DeJesus | Progress Note | 71933785 | 10/17/2011 11:21:00 PM | 302256 |
| 8 | 384266 | 302373 | 3269810029 | 100102 | 252 | DeJesus | Progress Note | 71933786 | 10/17/2011 11:22:00 PM | 302373 |
| 9 | 384268 | 302426 | 3271470003 | 100102 | 252 | DeJesus | Progress Note | 71933787 | 10/17/2011 11:24:00 PM | 302426 |
| 10 | 384292 | 302423 | 3270860005 | 170025 | 252 | DeJesus | Progress Note | 71933788 | 10/17/2011 11:30:00 PM | 302423 |
| 11 | 384317 | 302422 | 3271200005 | 170025 | 252 | DeJesus | Progress Note | 71933789 | 10/17/2011 11:32:00 PM | 302422 |
| 12 | 384312 | 302430 | 3271560002 | 170025 | 252 | DeJesus | Progress Note | 71933790 | 10/17/2011 11:33:00 PM | 302430 |
| 13 | 384304 | 302427 | 3271110003 | 170025 | 252 | DeJesus | Progress Note | 71933791 | 10/17/2011 11:35:00 PM | 302427 |
| 14 | 384305 | 302379 | 3269650026 | 100121 | 252 | DeJesus | Progress Note | 71933774 | 10/17/2011 22:56:52 | 302379 |
| 15 | 384263 | 302383 | 3270310013 | 100115 | 252 | DeJesus | Progress Note | 71933378 | 10/17/2011 23:04:22 | 302383 |
| 16 | 384283 | 302410 | 3271070009 | 100013 | 252 | DeJesus | Progress Note | 71933798 | 10/17/2011 23:52:50 | 302410 |
| 17 | 384280 | 302413 | 3271610002 | 100115 | 252 | DeJesus | Progress Note | 71933792 | 10/17/2011 23:55:07 | 302413 |
| 18 | 384249 | 294421 | 3271130001 | 102015 | 252 | DeJesus | H & P and Post Admiss | 71933746 | 10/17/2011 12:30:15 | 294421 |
| 19 | 384315 | 302437 | 3271420001 | 100102 | 252 | DeJesus | H & P and Post Admiss | 71933756 | 10/17/2011 17:30:27 | 302437 |
| 20 | 384256 | 302365 | 3271060020 | 100121 | 252 | DeJesus | Progress Note | 71933756 | 10/17/2011 22:30:40 | 302365 |
| 21 | 384258 | 302396 | 3270470014 | 100115 | 252 | DeJesus | Progress Note | 71933575 | 10/17/2011 22:55:11 | 302396 |
| 22 | 384259 | 302400 | 3270520012 | 170037 | 252 | DeJesus | Progress Note | 71933576 | 10/17/2011 23:01:34 | 302400 |
| 23 | 384260 | 302407 | 3270680009 | 170037 | 252 | DeJesus | Progress Note | 71933577 | 10/17/2011 23:03:04 | 302407 |
| 24 | 384286 | 302419 | 3271240014 | 170003 | 252 | DeJesus | Progress Note | 71933792 | 10/17/2011 23:38:56 | 302419 |
| 25 | 384276 | 292407 | 3270300006 | 170003 | 252 | DeJesus | Progress Note | 71933753 | 10/17/2011 23:40:33 | 292407 |
| 26 | 384265 | 302406 | 3270270009 | 170003 | 252 | DeJesus | Progress Note | 71933794 | 10/17/2011 23:42:05 | 302406 |
| 27 | 384335 | 28659 | 3271460006 | 100116 | 252 | DeJesus | Progress Note | 71933795 | 10/17/2011 23:44:11 | 28659 |
| 28 | 384314 | 302393 | 3270160009 | 102013 | 252 | DeJesus | Progress Note | 71933796 | 10/17/2011 23:48:22 | 302393 |
| 29 | 384278 | 302432 | 3271260002 | 100115 | 252 | DeJesus | Progress Note | 71933797 | 10/17/2011 23:51:07 | 302432 |
| 30 | 384285 | 302388 | 3270500015 | 102013 | 252 | DeJesus | Progress Note | 71933800 | 10/17/2011 23:55:23 | 302388 |
| 31 | 384288 | 302436 | 3271650002 | 102013 | 252 | DeJesus | Progress Note | 71933802 | 10/17/2011 23:58:40 | 302436 |
| 32 | 384320 | 302405 | 3270250013 | 100115 | 252 | DeJesus | Progress Note | 71933801 | 10/17/2011 123:58:55 | 302405 |
| 33 | 384285 | 302403 | 3270490019 | 102013 | 252 | DeJesus | Progress Note | 71933605 | 10/18/2011 00:05:54 | 302403 |
| 34 | 384297 | 302402 | 3270750017 | 100102 | 252 | DeJesus | Progress Note | 71933807 | 10/18/2011 00:08:44 | 302402 |
| 35 | 384291 | 302424 | 3271350004 | 100102 | 252 | DeJesus | Progress Note | 71933803 | 10/18/2011 00:00:47 | 302424 |
| 36 | 384290 | 302429 | 3271490003 | 102013 | 252 | DeJesus | Progress Note | 71933804 | 10/18/2011 00:04:34 | 302429 |
| 37 | 384318 | 302414 | 3270880013 | 100121 | 252 | DeJesus | Progress Note | 71933606 | 10/18/2011 00:07:26 | 302414 |
| 38 | 384269 | 302366 | 3269870000 | 102013 | 252 | DeJesus | Progress Note | 71933608 | 10/18/2011 00:09:59 | 302366 |
| 39 | 384301 | 302411 | 3271100005 | 100102 | 252 | DeJesus | Progress Note | 71933609 | 10/18/2011 00:11:17 | 302411 |
| 40 | 384302 | 295246 | 3271050017 | 102013 | 252 | DeJesus | Progress Note | 71933810 | 10/18/2011 00:12:58 | 295246 |
| 41 | 384324 | 301431 | 3271150002 | 100120 | 252 | DeJesus | Progress Note | 71933811 | 10/18/2011 00:15:09 | 301431 |
| 42 | 384307 | 302412 | 3269720009 | 100120 | 252 | DeJesus | Progress Note | 71933812 | 10/18/2011 00:16:59 | 302412 |
| 43 | 384319 | 297671 | 3271410002 | 100120 | 252 | DeJesus | Progress Note | 71933813 | 10/18/2011 00:17:49 | 297671 |
| 44 | 384303 | 298116 | 3270380020 | 100102 | 252 | DeJesus | Progress Note | 71933814 | 10/18/2011 00:19:02 | 298116 |
| 45 | 384311 | 301236 | 3271190009 | 102013 | 252 | DeJesus | Progress Note | 71933815 | 10/18/2011 00:20:15 | 301236 |
| 46 | 384310 | 302358 | 3269490053 | 100102 | 252 | DeJesus | Progress Note | 71933816 | 10/18/2011 00:22:03 | 302358 |
| 47 | 384322 | 28432 | 3269790023 | 100121 | 252 | DeJesus | Progress Note | 71933817 | 10/18/2011 00:22:57 | 28432 |
| 48 | 384308 | 302435 | 3271640002 | 170031 | 252 | DeJesus | Progress Note | 71933818 | 10/18/2011 00:23:56 | 302435 |
| 49 | 384313 | 290909 | 3269790023 | 170031 | 252 | DeJesus | Progress Note | 71933818 | 10/18/2011 00:25:03 | 290900 |
| 50 | 384316 | 27151 | 3270760012 | 170031 | 252 | DeJesus | Progress Note | 71933620 | 10/18/2011 00:26:51 | 27151 |
| 51 | 384309 | 00354309 / 00384309 | 3270390022 | 102013 | 252 | DeJesus | Progress Note | 71933821 | 10/18/2011 00:26:59 | |
| 52 | 384326 | 302394 | 3272360022 | 100102 | 252 | DeJesus | Progress Note | 71933622 | 10/18/2011 00:28:21 | 302384 |
| 53 | 384334 | 302349 | 3271200004 | 102013 | 252 | DeJesus | Progress Note | 71933823 | 10/18/2011 00:29:41 | 302349 |

# INFLATED HOURS

| | Document # | MR# | Case # | MT ID# | Dictator ID # | Doctor Last | Report Type | Job # | Dictation D/T | Visit # |
|---|---|---|---|---|---|---|---|---|---|---|
| 54 | 384323 | 302397 | 3270700014 | 170031 | | 252 DeJesus | Progress Note | 71933624 | 10/18/2011 00:30:59 | 302397 |
| 55 | 384398 | 302400 | 3270520013 | 102013 | | 252 DeJesus | Progress Note | 71933919 | 10/18/2011  22:40:48 | 302400 |
| 56 | 384400 | 302413 | 3270480011 | 102013 | | 252 DeJesus | Progress Note | 71933921 | 10/18/2011  22:43:26 | 302413 |
| 57 | 384401 | 302375 | 3270120023 | 170053 | | 252 DeJesus | Progress Note | 71933927 | 10/18/2011  22:52:57 | 302375 |
| 58 | 384405 | 302361 | 3269600029 | 170053 | | 252 DeJesus | Progress Note | 71933929 | 10/18/2011  22:54:51 | 302361 |
| 59 | 384406 | 302419 | 3271240018 | 100102 | | 252 DeJesus | Progress Note | 71933932 | 10/18/2011  23:03:58 | 302419 |
| 60 | 384414 | 294421 | 3271130002 | 100102 | | 252 DeJesus | Progress Note | 71933935 | 10/18/2011  23:10:11 | 294421 |
| 61 | 384418 | 302349 | 3271290007 | 100120 | | 252 DeJesus | Progress Note | 71933948 | 10/18/2011  23:34:06 | 302349 |
| 62 | 384424 | 302403 | 3270490021 | 100102 | | 252 DeJesus | Progress Note | 71933950 | 10/18/2011  23:45:47 | 302403 |
| 63 | 384354 | 302366 | 3269670021 | 100113 | | 252 DeJesus | Discharge Summary | 71933845 | 10/18/2011 08:59:48 | 302366 |
| 64 | 384423 | 302441 | 3270930001 | 100113 | | 252 DeJesus | H & P and Post Admiss | 71933691 | 10/18/2011 15:57:11 | 302441 |
| 65 | 384383 | 302446 | 3271620001 | 100115 | | 252 DeJesus | H & P and Post Admiss | 71933910 | 10/18/2011 18:14:59 | 302446 |
| 66 | 384456 | 302249 | 3271800001 | 102004 | | 252 DeJesus | H & P and Post Admiss | 71933911 | 10/18/2011 19:35:37 | 302249 |
| 67 | 384409 | 302396 | 3270470015 | 100120 | | 252 DeJesus | Progress Note | 71933918 | 10/18/2011 22:39:13 | 302396 |
| 68 | 384397 | 302326 | 3268640032 | 102013 | | 252 DeJesus | Progress Note | 71933920 | 10/18/2011 22:41:48 | 302326 |
| 69 | 384402 | 302401 | 3270840013 | 102013 | | 252 DeJesus | Progress Note | 71933922 | 10/18/2011 22:49:04 | 302401 |
| 70 | 384403 | 302408 | 3271030009 | 100102 | | 252 DeJesus | Progress Note | 71933925 | 10/18/2011 22:50:19 | 302408 |
| 71 | 384404 | 302423 | 3270690008 | 170053 | | 252 DeJesus | Progress Note | 71933926 | 10/18/2011 22:51:49 | 302423 |
| 72 | 384416 | 302427 | 3271210005 | 170053 | | 252 DeJesus | Progress Note | 71933930 | 10/18/2011 23:01:15 | 302427 |
| 73 | 384419 | 302372 | 3270910001 | 100102 | | 252 DeJesus | Progress Note | 71933933 | 10/18/2011 23:06:18 | 302372 |
| 74 | 384421 | 28659 | 3271460007 | 100115 | | 252 DeJesus | Progress Note | 71933934 | 10/18/2011 23:06:45 | 28659 |
| 75 | 384407 | 302388 | 3270500016 | 100115 | | 252 DeJesus | Progress Note | 71933936 | 10/18/2011 23:11:37 | 302388 |
| 76 | 384439 | 302429 | 3271490004 | 170003 | | 252 DeJesus | Progress Note | 71933937 | 10/18/2011 23:12:46 | 302429 |
| 77 | 384441 | 302414 | 3270880015 | 170003 | | 252 DeJesus | Progress Note | 71933938 | 10/18/2011 23:14:23 | 302414 |
| 78 | 384443 | 302402 | 3270750012 | 170003 | | 252 DeJesus | Progress Note | 71933939 | 10/18/2011 23:17:18 | 302402 |
| 79 | 384444 | 302434 | 3271230004 | 170003 | | 252 DeJesus | Progress Note | 71933940 | 10/18/2011 23:18:18 | 302434 |
| 80 | 384438 | 302366 | 3269670022 | 170003 | | 252 DeJesus | Progress Note | 71933941 | 10/18/2011 23:19:22 | 302366 |
| 81 | 384408 | 302412 | 3269720012 | 102013 | | 252 DeJesus | Progress Note | 71933942 | 10/18/2011 23:25:11 | 302412 |
| 82 | 384410 | 302389 | 3270530021 | 100102 | | 252 DeJesus | Progress Note | 71933943 | 10/18/2011 23:28:01 | 302389 |
| 83 | 384420 | 301236 | 3271190010 | 100115 | | 252 DeJesus | Progress Note | 71933944 | 10/18/2011 23:29:17 | 301236 |
| 84 | 384411 | 302358 | 3269490055 | 102013 | | 252 DeJesus | Progress Note | 71933945 | 10/18/2011 23:31:03 | 302358 |
| 85 | 384412 | 302409 | 3270670012 | 100120 | | 252 DeJesus | Progress Note | 71933946 | 10/18/2011 23:32:27 | 302409 |
| 86 | 384415 | 302394 | 3270390024 | 100120 | | 252 DeJesus | Progress Note | 71933947 | 10/18/2011 23:33:17 | 302394 |
| 87 | 384413 | 302397 | 3270700016 | 100115 | | 252 DeJesus | Progress Note | 71933949 | 10/18/2011 23:35:07 | 302397 |
| 88 | 384557 | 302396 | 3270470018 | 100103 | | 252 DeJesus | Progress Note | 71934064 | 10/19/2011 22:09:44 | 302396 |
| 89 | 384552 | 302326 | 3268640035 | 100113 | | 252 DeJesus | Progress Note | 71934065 | 10/19/2011 22:12:05 | 302326 |
| 90 | 384565 | 302430 | 3271560004 | 100103 | | 252 DeJesus | Progress Note | 71934081 | 10/19/2011 22:35:11 | 302430 |
| 91 | 384593 | 302433 | 3271610004 | 102014 | | 252 DeJesus | Progress Note | 71934088 | 10/19/2011 22:48:47 | 302433 |
| 92 | 384612 | 302442 | 3270990002 | 100103 | | 252 DeJesus | Progress Note | 71934092 | 10/19/2011 23:03:14 | 302442 |
| 93 | 384575 | 302446 | 3271620003 | 100103 | | 252 DeJesus | Progress Note | 71934100 | 10/19/2011 23:15:49 | 302446 |
| 94 | 384591 | 302412 | 3269720013 | 100121 | | 252 DeJesus | Progress Note | 71934107 | 10/19/2011 23:33:55 | 302412 |
| 95 | 384604 | 297871 | 3271410003 | 100121 | | 252 DeJesus | Progress Note | 71934108 | 10/19/2011 23:35:21 | 297871 |
| 96 | 384596 | 27151 | 3270760014 | 100103 | | 252 DeJesus | Progress Note | 71934118 | 10/19/2011 23:52:57 | 27151 |
| 97 | 384598 | 302447 | 3271790001 | 102005 | | 252 DeJesus | H & P and Post Admiss | 71934002 | 10/19/2011 15:03:23 | 302447 |
| 98 | 384512 | 302449 | 3271220001 | 100101 | | 252 DeJesus | H & P and Post Admiss | 71934014 | 10/19/2011 15:31:05 | 302449 |
| 99 | 384740 | 302408 | 3271030013 | 100120 | | 252 DeJesus | Progress Note | 71934244 | 10/19/2011 21:41:19 | 302408 |
| 100 | 384541 | 302385 | 3270460022 | 100103 | | 252 DeJesus | Progress Note | 71934055 | 10/19/2011 22:01:08 | 302385 |
| 101 | 384544 | 302420 | 3268560007 | 100103 | | 252 DeJesus | Progress Note | 71934056 | 10/19/2011 22:02:25 | 302420 |
| 102 | 384549 | 302426 | 3271310008 | 100103 | | 252 DeJesus | Progress Note | 71934059 | 10/19/2011 22:06:25 | 302426 |
| 103 | 384554 | 302379 | 3269650029 | 100103 | | 252 DeJesus | Progress Note | 71934062 | 10/19/2011 22:08:09 | 302379 |
| 104 | 384553 | 302407 | 3270980016 | 100113 | | 252 DeJesus | Progress Note | 71934066 | 10/19/2011 22:13:22 | 302407 |
| 105 | 384556 | 20440 | 3271480007 | 100113 | | 252 DeJesus | Progress Note | 71934068 | 10/19/2011 22:14:30 | 20440 |
| 106 | 384559 | 302413 | 3270480015 | 100113 | | 252 DeJesus | Progress Note | 71934069 | 10/19/2011 22:16:08 | 302413 |

# INFLATED HOURS

| | Document # | MR# | Case # | MT ID# | Dictator ID # | Doctor Last | Report Type | Job # | Dictation D/T | Visit # |
|---|---|---|---|---|---|---|---|---|---|---|
| 107 | 384599 | 302401 | 3270840015 | 100103 | | 252 DeJesus | Progress Note | 71934072 | 10/19/2011 22:20:31 | 302401 |
| 108 | 384555 | 302170 | 3270020044 | 102013 | | 252 DeJesus | Progress Note | 71934073 | 10/19/2011 22:21:58 | 302170 |
| 109 | 384560 | 302417 | 3271150006 | 100103 | | 252 DeJesus | Progress Note | 71934074 | 10/19/2011 22:22:50 | 302417 |
| 110 | 384561 | 302222 | 3271580007 | 100115 | | 252 DeJesus | Progress Note | 71934075 | 10/19/2011 22:24:40 | 302222 |
| 111 | 384558 | 302256 | 3270790016 | 102013 | | 252 DeJesus | Progress Note | 71934076 | 10/19/2011 22:26:18 | 302256 |
| 112 | 384563 | 302408 | 3271030011 | 100103 | | 252 DeJesus | Progress Note | 71934077 | 10/19/2011 22:27:57 | 302408 |
| 113 | 384562 | 302428 | 3271470006 | 100113 | | 252 DeJesus | Progress Note | 71934078 | 10/19/2011 22:29:13 | 302428 |
| 114 | 384567 | 302422 | 3271200009 | 100113 | | 252 DeJesus | Progress Note | 71934079 | 10/19/2011 22:31:35 | 302422 |
| 115 | 384572 | 302443 | 3271090001 | 100113 | | 252 DeJesus | Progress Note | 71934080 | 10/19/2011 22:33:08 | 302443 |
| 116 | 384564 | 302427 | 3271210010 | 102013 | | 252 DeJesus | Progress Note | 71934082 | 10/19/2011 22:38:37 | 302427 |
| 117 | 384569 | 302372 | 3270910005 | 100115 | | 252 DeJesus | Progress Note | 71934083 | 10/19/2011 22:40:39 | 302372 |
| 118 | 384566 | 302406 | 3270270014 | 100120 | | 252 DeJesus | Progress Note | 71934084 | 10/19/2011 22:42:22 | 302406 |
| 119 | 384573 | 302393 | 3270180023 | 100120 | | 252 DeJesus | Progress Note | 71934085 | 10/19/2011 22:43:51 | 302393 |
| 120 | 384581 | 302432 | 3271260004 | 100120 | | 252 DeJesus | Progress Note | 71934086 | 10/19/2011 22:45:05 | 302432 |
| 121 | 384570 | 302410 | 3271070012 | 100103 | | 252 DeJesus | Progress Note | 71934087 | 10/19/2011 22:47:12 | 302410 |
| 122 | 384610 | 302405 | 3270250017 | 102014 | | 252 DeJesus | Progress Note | 71934089 | 10/19/2011 22:51:56 | 302405 |
| 123 | 384574 | 302436 | 3271650003 | 102014 | | 252 DeJesus | Progress Note | 71934090 | 10/19/2011 22:52:57 | 302436 |
| 124 | 384568 | 302429 | 3271490005 | 102013 | | 252 DeJesus | Progress Note | 71934091 | 10/19/2011 22:56:28 | 302429 |
| 125 | 384571 | 302440 | 3271720002 | 100116 | | 252 DeJesus | Progress Note | 71934093 | 10/19/2011 23:04:09 | 302440 |
| 126 | 384588 | 302418 | 3270620006 | 100116 | | 252 DeJesus | Progress Note | 71934094 | 10/19/2011 23:05:35 | 302418 |
| 127 | 384614 | 302403 | 3270490023 | 100116 | | 252 DeJesus | Progress Note | 71934095 | 10/19/2011 23:07:29 | 302403 |
| 128 | 384606 | 302414 | 3270880018 | 100115 | | 252 DeJesus | Progress Note | 71934096 | 10/19/2011 23:09:32 | 302414 |
| 129 | 384580 | 302404 | 3271010008 | 100114 | | 252 DeJesus | Progress Note | 71934097 | 10/19/2011 23:10:19 | 302404 |
| 130 | 384583 | 302402 | 3270750015 | 100114 | | 252 DeJesus | Progress Note | 71934098 | 10/19/2011 23:12:29 | 302402 |
| 131 | 384569 | 302438 | 3269270003 | 100114 | | 252 DeJesus | Progress Note | 71934099 | 10/19/2011 23:14:17 | 302438 |
| 132 | 384576 | 302434 | 3271230005 | 102013 | | 252 DeJesus | Progress Note | 71934101 | 10/19/2011 23:17:07 | 302434 |
| 133 | 384577 | 302439 | 3271710004 | 100113 | | 252 DeJesus | Progress Note | 71934102 | 10/19/2011 23:19:09 | 302439 |
| 134 | 384582 | 302411 | 3271100006 | 100113 | | 252 DeJesus | Progress Note | 71934103 | 10/19/2011 23:21:07 | 302411 |
| 135 | 384585 | 302431 | 3271590005 | 100113 | | 252 DeJesus | Progress Note | 71934104 | 10/19/2011 23:24:30 | 302431 |
| 136 | 384605 | 302416 | 3271280009 | 100115 | | 252 DeJesus | Progress Note | 71934105 | 10/19/2011 23:29:48 | 302416 |
| 137 | 384618 | 27269 | 3270220019 | 100116 | | 252 DeJesus | Progress Note | 71934106 | 10/19/2011 23:31:40 | 27269 |
| 138 | 384611 | 302391 | 3270510014 | 100121 | | 252 DeJesus | Progress Note | 71934109 | 10/19/2011 23:36:56 | 302391 |
| 139 | 384584 | 302441 | 3270930002 | 102013 | | 252 DeJesus | Progress Note | 71934110 | 10/19/2011 23:38:24 | 302441 |
| 140 | 384586 | 302437 | 3271420003 | 102014 | | 252 DeJesus | Progress Note | 71934111 | 10/19/2011 23:40:10 | 302437 |
| 141 | 384587 | 298116 | 3270080022 | 100120 | | 252 DeJesus | Progress Note | 71934112 | 10/19/2011 23:41:43 | 298116 |
| 142 | 384600 | 302389 | 3270530024 | 100120 | | 252 DeJesus | Progress Note | 71934113 | 10/19/2011 23:43:39 | 302389 |
| 143 | 384602 | 301236 | 3271190013 | 100120 | | 252 DeJesus | Progress Note | 71934114 | 10/19/2011 23:44:46 | 301236 |
| 144 | 384590 | 302358 | 3269490058 | 102013 | | 252 DeJesus | Progress Note | 71934115 | 10/19/2011 23:48:41 | 302358 |
| 145 | 384592 | 28432 | 3268290060 | 102013 | | 252 DeJesus | Progress Note | 71934116 | 10/19/2011 23:50:10 | 28432 |
| 146 | 384619 | 302435 | 3271640006 | 102014 | | 252 DeJesus | Progress Note | 71934117 | 10/19/2011 23:51:32 | 302435 |
| 147 | 384630 | 302394 | 3270390027 | 100121 | | 252 DeJesus | Progress Note | 71934119 | 10/19/2011 23:54:24 | 302394 |
| 148 | 384638 | 302249 | 3271800002 | 100121 | | 252 DeJesus | Progress Note | 71934120 | 10/19/2011 23:56:03 | 302249 |
| 149 | 384644 | *00384644 | *00384644 | 100121 | | 252 DeJesus | Progress Note | 71934121 | 10/19/2011 23:56:27 | |
| 150 | 384622 | 302349 | 3271290009 | 100121 | | 252 DeJesus | Progress Note | 71934122 | 10/19/2011 23:57:56 | 302349 |
| 151 | 384617 | 302397 | 3270700019 | 100121 | | 252 DeJesus | Progress Note | 71934123 | 10/19/2011 23:59:19 | 302397 |
| 152 | 384748 | 302414 | 3270880023 | 102014 | | 252 DeJesus | Progress Note | 71934259 | 10/20/2011 22:16:49 | 302414 |
| 153 | 384743 | 302256 | 3270790018 | 102013 | | 252 DeJesus | Progress Note | 71934242 | 10/20/2011 21:38:17 | 302256 |
| 154 | 384726 | 302375 | 3270120024 | 170037 | | 252 DeJesus | Progress Note | 71934246 | 10/20/2011 21:48:44 | 302375 |
| 155 | 384715 | 302445 | 3271520004 | 100120 | | 252 DeJesus | Progress Note | 71934233 | 10/20/2011 21:23:12 | 302445 |
| 156 | 384723 | 302379 | 3269650030 | 100120 | | 252 DeJesus | Progress Note | 71934234 | 10/20/2011 21:24:14 | 302379 |
| 157 | 384741 | 302442 | 3270990004 | 170004 | | 252 DeJesus | Progress Note | 71934255 | 10/20/2011 22:14:25 | 302442 |
| 158 | 384754 | 302440 | 3271720003 | 170031 | | 252 DeJesus | Progress Note | 71934256 | 10/20/2011 22:15:34 | 302440 |
| 159 | 384668 | 302448 | 3271370002 | 170037 | | 252 DeJesus | H & P and Post Admiss | 71934145 | 10/20/2011 09:44:52 | 302448 |

INFLATED HOURS

| | Document # | MR# | Case # | MT ID# | Dictator ID # | Doctor Last | Report Type | Job # | Dictation D/T | Visit # |
|---|---|---|---|---|---|---|---|---|---|---|
| 160 | 384721 | 302396 | 3270470020 | 102013 | 252 | Dejesus | Progress Note | 71934235 | 10/20/2011 21:25:06 | 302396 |
| 161 | 384724 | 302444 | 3271750002 | 102013 | 252 | Dejesus | Progress Note | 71934236 | 10/20/2011 21:26:34 | 302444 |
| 162 | 384730 | 302430 | 3271560006 | 170037 | 252 | Dejesus | Progress Note | 71934247 | 10/20/2011 21:49:42 | 302430 |
| 163 | 384725 | 302372 | 3270910009 | 170004 | 252 | Dejesus | Progress Note | 71934249 | 10/20/2011 21:59:31 | 302372 |
| 164 | 384712 | 300800 | 3269770002 | 102013 | 252 | Dejesus | Progress Note | 71934231 | 10/20/2011 21:20:15 | 300800 |
| 165 | 384710 | 296572 | 3270970006 | 100120 | 252 | Dejesus | Progress Note | 71934232 | 10/20/2011 21:21:27 | 296572 |
| 166 | 384717 | 302407 | 3270960017 | 170031 | 252 | Dejesus | Progress Note | 71934237 | 10/20/2011 21:28:08 | 302407 |
| 167 | 384727 | 302413 | 3270460019 | 170031 | 252 | Dejesus | Progress Note | 71934238 | 10/20/2011 21:28:54 | 302413 |
| 168 | 384733 | 302453 | 3271910002 | 170031 | 252 | Dejesus | Progress Note | 71934239 | 10/20/2011 21:30:44 | 302453 |
| 169 | 384719 | 302170 | 3270020047 | 100115 | 252 | Dejesus | Progress Note | 71934240 | 10/20/2011 21:36:43 | 302170 |
| 170 | 384736 | 302451 | 3271690002 | 100120 | 252 | Dejesus | Progress Note | 71934243 | 10/20/2011 21:40:02 | 302451 |
| 171 | 384755 | 302403 | 3270490026 | 102014 | 252 | Dejesus | Progress Note | 71934258 | 10/20/2011 22:17:31 | 302403 |
| 172 | 384726 | 302366 | 3270550018 | 102013 | 252 | Dejesus | Progress Note | 71934252 | 10/20/2011 22:03:21 | 302366 |
| 173 | 384765 | 302402 | 3270750018 | 170031 | 252 | Dejesus | Progress Note | 71934260 | 10/20/2011 22:20:11 | 302402 |
| 174 | 384763 | 302438 | 3269270004 | 102013 | 252 | Dejesus | Progress Note | 71934261 | 10/20/2011 22:21:46 | 302438 |
| 175 | 384739 | 302441 | 3270930005 | 102013 | 252 | Dejesus | Progress Note | 71934265 | 10/20/2011 22:28:49 | 302441 |
| 176 | 384770 | 294605 | 3271630003 | 170003 | 252 | Dejesus | Progress Note | 71934266 | 10/20/2011 22:29:49 | 294605 |
| 177 | 384769 | 298616 | 3270750026 | 170003 | 252 | Dejesus | Progress Note | 71934269 | 10/20/2011 22:25:17 | 298616 |
| 178 | 384855 | 302423 | 3270590013 | 170036 | 252 | Dejesus | Discharge Summary | 71934316 | 10/21/2011 00:31:40 | 302423 |
| 179 | 384841 | 302436 | 3271650004 | 170037 | 252 | Dejesus | Discharge Summary | 71934320 | 10/21/2011 09:52:56 | 302436 |
| 180 | 384861 | 302458 | 3271880001 | 100120 | 252 | Dejesus | H & P and Post Admiss | 71934337 | 10/21/2011 13:48:44 | 302458 |
| 181 | 384870 | 24206 | 3272110001 | 100120 | 252 | Dejesus | H & P and Post Admiss | 71934338 | 10/21/2011 14:30:38 | 24206 |
| 182 | 384903 | 300432 | 3271780001 | 100120 | 252 | Dejesus | H & P and Post Admiss | 71934345 | 10/21/2011 15:25:59 | 300432 |
| 183 | 384909 | 302385 | 3270450026 | 100114 | 252 | Dejesus | Progress Note | 71934398 | 10/21/2011 22:19:49 | 302385 |
| 184 | 384917 | 302420 | 3268560010 | 100114 | 252 | Dejesus | Progress Note | 71934399 | 10/21/2011 22:21:08 | 302420 |
| 185 | 384892 | 302426 | 3271310012 | 100115 | 252 | Dejesus | Progress Note | 71934400 | 10/21/2011 22:22:52 | 302426 |
| 186 | 384980 | 300800 | 3269770003 | 100115 | 252 | Dejesus | Progress Note | 71934401 | 10/21/2011 22:25:34 | 300800 |
| 187 | 384901 | 302379 | 3269650003 | 102014 | 252 | Dejesus | Progress Note | 71934405 | 10/21/2011 22:32:51 | 302379 |
| 188 | 384899 | 302400 | 3270520016 | 100115 | 252 | Dejesus | Progress Note | 71934406 | 10/21/2011 22:34:47 | 302400 |
| 189 | 384902 | 302444 | 3271750003 | 170031 | 252 | Dejesus | Progress Note | 71934407 | 10/21/2011 22:36:29 | 302444 |
| 190 | 384914 | 302407 | 3270860021 | 170031 | 252 | Dejesus | Progress Note | 71934408 | 10/21/2011 22:38:54 | 302407 |
| 191 | 384930 | 302425 | 3271380017 | 170031 | 252 | Dejesus | Progress Note | 71934409 | 10/21/2011 22:40:07 | 302425 |
| 192 | 384918 | 20440 | 3271480010 | 102014 | 252 | Dejesus | Progress Note | 71934410 | 10/21/2011 22:42:44 | 20440 |
| 193 | 384907 | 302453 | 3271910004 | 170003 | 252 | Dejesus | Progress Note | 71934412 | 10/21/2011 22:44:36 | 302453 |
| 194 | 384911 | 294577 | 3270560020 | 100115 | 252 | Dejesus | Progress Note | 71934413 | 10/21/2011 22:46:12 | 294577 |
| 195 | 384922 | 302256 | 3270790022 | 102014 | 252 | Dejesus | Progress Note | 71934414 | 10/21/2011 22:49:37 | 302256 |
| 196 | 384919 | 302422 | 3271230012 | 170003 | 252 | Dejesus | Progress Note | 71934419 | 10/21/2011 22:57:09 | 302422 |
| 197 | 384920 | 302449 | 3271220002 | 100116 | 252 | Dejesus | Progress Note | 71934420 | 10/21/2011 22:58:11 | 302449 |
| 198 | 384921 | 302443 | 3271090003 | 170003 | 252 | Dejesus | Progress Note | 71934421 | 10/21/2011 22:59:37 | 302443 |
| 199 | 384969 | 302427 | 3271210016 | 102014 | 252 | Dejesus | Progress Note | 71934422 | 10/21/2011 23:02:23 | 302427 |
| 200 | 384934 | 302419 | 3271240028 | 100116 | 252 | Dejesus | Progress Note | 71934423 | 10/21/2011 23:05:06 | 302419 |
| 201 | 384923 | 302372 | 3271910012 | 170003 | 252 | Dejesus | Progress Note | 71934424 | 10/21/2011 23:07:20 | 302372 |
| 202 | 384925 | 292407 | 3270300011 | 102014 | 252 | Dejesus | Progress Note | 71934426 | 10/21/2011 23:08:41 | 292407 |
| 203 | 384926 | 302406 | 3270270020 | 100115 | 252 | Dejesus | Progress Note | 71934425 | 10/21/2011 23:10:44 | 302406 |
| 204 | 384951 | 302393 | 3270180029 | 100116 | 252 | Dejesus | Progress Note | 71934427 | 10/21/2011 23:12:59 | 302393 |
| 205 | 384927 | 302410 | 3271070016 | 170003 | 252 | Dejesus | Progress Note | 71934428 | 10/21/2011 23:14:12 | 302410 |
| 206 | 384973 | 302452 | 3271850003 | 102014 | 252 | Dejesus | Progress Note | 71934429 | 10/21/2011 23:15:37 | 302452 |
| 207 | 384929 | 302388 | 3270500020 | 170003 | 252 | Dejesus | Progress Note | 71934430 | 10/21/2011 23:17:24 | 302388 |
| 208 | 384964 | 302436 | 3271650005 | 102014 | 252 | Dejesus | Progress Note | 71934431 | 10/21/2011 23:18:29 | 302436 |
| 209 | 384923 | 302424 | 3271350007 | 170004 | 252 | Dejesus | Progress Note | 71934432 | 10/21/2011 23:19:53 | 302424 |
| 210 | 384935 | 302429 | 3271490012 | 170031 | 252 | Dejesus | Progress Note | 71934433 | 10/21/2011 23:21:57 | 302429 |
| 211 | 384937 | 302442 | 3270990006 | 170004 | 252 | Dejesus | Progress Note | 71934434 | 10/21/2011 23:23:40 | 302442 |
| 212 | 384945 | 302416 | 3270620009 | 170004 | 252 | Dejesus | Progress Note | 71934435 | 10/21/2011 23:25:19 | 302416 |

INFLATED HOURS

| | Document # | MR# | Case # | MT ID# | Dictator ID # | Doctor Last | Report Type | Job # | Dictation D/T | Visit # |
|---|---|---|---|---|---|---|---|---|---|---|
| 213 | 384952 | 302403 | 3270490029 | 170004 | 252 | DeJesus | Progress Note | 71934436 | 10/21/2011 23:26:44 | 302403 |
| 214 | 384961 | 302450 | 3271760002 | 100121 | 252 | DeJesus | Progress Note | 71934437 | 10/21/2011 23:34:55 | 302450 |
| 215 | 384931 | 302414 | 3270660027 | 170003 | 252 | DeJesus | Progress Note | 71934438 | 10/21/2011 23:38:11 | 302414 |
| 216 | 384932 | 302457 | 3271990002 | 100114 | 252 | DeJesus | Progress Note | 71934439 | 10/21/2011 23:37:29 | 302457 |
| 217 | 384936 | 302402 | 3270750020 | 100114 | 252 | DeJesus | Progress Note | 71934440 | 10/21/2011 23:38:59 | 302402 |
| 218 | 384939 | 302438 | 3269270007 | 100114 | 252 | DeJesus | Progress Note | 71934441 | 10/21/2011 23:40:29 | 302438 |
| 219 | 384938 | 302446 | 3271620011 | 100120 | 252 | DeJesus | Progress Note | 71934443 | 10/21/2011 23:43:16 | 302446 |
| 220 | 384940 | 302434 | 3271230011 | 100120 | 252 | DeJesus | Progress Note | 71934444 | 10/21/2011 23:44:43 | 302434 |
| 221 | 384955 | 302411 | 3271100012 | 100120 | 252 | DeJesus | Progress Note | 71934446 | 10/21/2011 23:46:24 | 302411 |
| 222 | 384967 | 295346 | 3270830024 | 170031 | 252 | DeJesus | Progress Note | 71934447 | 10/21/2011 23:47:50 | 295346 |
| 223 | 384971 | 302431 | 3271590007 | 100121 | 252 | DeJesus | Progress Note | 71934448 | 10/21/2011 23:49:20 | 302431 |
| 224 | 384950 | 302416 | 3271280013 | 100114 | 252 | DeJesus | Progress Note | 71934449 | 10/21/2011 23:50:34 | 302416 |
| 225 | 384958 | 27289 | 3270220021 | 100114 | 252 | DeJesus | Progress Note | 71934450 | 10/21/2011 23:51:33 | 27289 |
| 226 | 384979 | 302441 | 3270830009 | 100116 | 252 | DeJesus | Progress Note | 71934451 | 10/21/2011 23:53:02 | 302441 |
| 227 | 384962 | 302437 | 3271420007 | 170013 | 252 | DeJesus | Progress Note | 71934452 | 10/21/2011 23:54:34 | 302437 |
| 228 | 384966 | 294605 | 3271630005 | 170013 | 252 | DeJesus | Progress Note | 71934453 | 10/21/2011 23:55:58 | 294605 |
| 229 | 384972 | 302389 | 3270530030 | 170013 | 252 | DeJesus | Progress Note | 71934454 | 10/21/2011 23:57:27 | 302389 |
| 230 | 384957 | 301236 | 3271190018 | 170013 | 252 | DeJesus | Progress Note | 71934455 | 10/21/2011 23:59:53 | 301236 |
| 231 | 384969 | 302358 | 3269490065 | 102014 | 252 | DeJesus | Progress Note | 71934456 | 10/22/2011 00:01:20 | 302358 |
| 232 | 384981 | 302456 | 3271170003 | 100116 | 252 | DeJesus | Progress Note | 71934457 | 10/22/2011 00:06:01 | 302456 |
| 233 | 384963 | 302415 | 3271180017 | 100120 | 252 | DeJesus | Progress Note | 71934458 | 10/22/2011 00:07:56 | 302415 |
| 234 | 384970 | 302349 | 3271290013 | 100120 | 252 | DeJesus | Progress Note | 71934460 | 10/22/2011 00:09:47 | 302349 |
| 235 | 384975 | 302397 | 3270700023 | 100121 | 252 | DeJesus | Progress Note | 71934461 | 10/22/2011 00:12:19 | 302397 |

| DATE | TOTALS | |
|---|---|---|
| 10/17/2011 | 52 .13 HOURS<br>2 1.67 HOURS | |
| | **14.67 HOURS** | |
| 10/18/2011 | 29 7.25 HOURS<br>3 2.50 HOURS<br>1 .50 HOURS | |
| | **10.25 HOURS** | |
| 10/19/2011 | 62 15.5 HOURS<br>2 1.67 HOURS | |
| | **17.17 HOURS** | |
| 10/20/2011 | 25 6.25 HOURS<br>1 .83 HOURS | |
| | **7.08 HOURS** | |
| 10/21/2011 | 53 13.25 HOURS<br>3 2.5 HOURS<br>2 1 HOUR | |
| | **16.75 HOURS** | |
| **TOTALS:** | | |

| | | |
|---|---|---|
| PROGRESS NOTES | 221 @15 MINS | 55.25 HOURS |
| H&P POST ADMISSIONS | 11 @ 50 MINS | 9.17 HOURS |
| DISCHARGE SUMMARY | 3 @ 30 MINS | 1.5 HOURS |

5 DAY TOTAL 65.92 HOURS
DAILY AVERAGE 13.18 HOURS

**COMPOSITE EXHIBIT "4"**

## REFERRALS FROM IMG DOCTORS;
## INAPPROPRIATE ADMISSIONS AND CONSULTS

| MR# | ADMITTING FALSE DIAGNOSIS | ADMISSION DATE | REASON FOR IMPROPER ADMISSION | REFERRING DOCTOR CONSULTING DOCTOR |
|---|---|---|---|---|
| 301541 | Generalized weakness; admitted to pain control | 02/27/11 | Peripheral neuropathy; physical extremities reveals 5/5 muscle strength; no weakness/ decreased sensation/atrophy documented is contradictory | Dr. Getzels was referring Physicians at IMG and also did consult |
| 21968 | Absent any Definitive Diagnosis; "No acute pathology identified on workup" | 04/26/11 | History notes progressive decline in gait and self-care skills have been noted | Referred by Dr. Joseph Creevy who also did Internal Medicine consult |
| 301933 | Acute impacted left proximal humerus fracture | 06/02/11 | Physical therapy is to focus on gait training and transfer training | Do not know referring physician; Internal medicine doctor consult |
| 301519 | Disuse Myopathy | 02/19/11 | Discharged 2/22/11 Insufficient time to benefit from rehab; Assessment notes closed head injury which was not found | Referred by Dr. Joseph Getzels who also did Internal Medicine consult |
| 291847 | Deconditiong with gait and self-care dysfunction;  Limited comorbidities | 05/20/11 | Admitted to hospital  on 05/18/11 with right hip dislocation and subsequent deconditiong with gait and self-care dysfunction 2 days later. Additionally patient has UTI and was not put on antibiotics; acute chronic renal insufficiency and was not on IV fluids; Limited comorbidities do not require daily MD visits | Primary care and referring doctor to Dr. Creevy who also had Internal Medicine consult. |
| 301870 | Bilateral knee soft tissue injury; minimal flex and extension of foot | 05/18/11 | Injuries and assessment do not rise to level of qualifying for inpatient rehab; appropriate placement would be home with home health therapy or SNF; not sufficient medical conditions to require daily MD visits; limited time for improvement | Dr. Creevy was referring and also did IM consult |