UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EMESE SIMON; and FLORIDA REHABILITATION ASSOCIATES, PLLC, <br><br> Plaintiffs, <br><br> v. <br><br> ENCOMPASS HEALTH REHABILITATION HOSPITAL OF SARASOTA, LLC; HEALTHSOUTH REAL PROPERTY HOLDING, LLC; and ENCOMPASS HEALTH CORPORATION, <br><br> Defendants. | Civil Action No.: 8:12-cv-236-T-33AEP |

### DEFENDANTS' MOTION TO STRIKE OR DENY PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS

Defendants HealthSouth Corporation, HealthSouth of Sarasota Limited Partnership, and HealthSouth Real Property Holding, LLC (collectively, "Defendants"), file this Motion to Strike or Deny Plaintiffs' Objections to Defendants' Bill of Costs. As explained below, pursuant to Fed.At R. Civ. Pro 54(d)(1), Plaintiffs were required to file a motion to review the Clerk's Taxation of Costs within seven (7) days of the Clerk's taxation. Instead, Plaintiffs filed Objections – not permitted by this Court or the Federal Rules – fourteen (14) days after the Clerk's taxation. For that reason, Plaintiffs have failed to comply with Rule 54(d)(1) and, therefore, Plaintiffs'

Objections should be stricken from this Court's docket or, if treated as motion to review, denied as untimely.

## MEMORANDUM OF LAW

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[t]he clerk may tax costs on 14 days' notice [and] [o]n motion served within the next 7 days, the court may review the clerk's action." Here, Defendants filed their Bill of Costs on March 3, 2021, putting Plaintiffs on notice of their intent to pursue costs (and acting as a reminder of Plaintiffs' obligation to file a motion a review). (*See* ECF 257.) On April 19, 2021, the Clerk entered the Taxation of Costs against Plaintiffs, taxing Plaintiffs in the amount of $16,773.73. (*See* ECF 266.) On May 3, 2021, Plaintiffs filed their "Objections to Defendants' Bill of Costs." (*See* ECF 267.) Those Objections must be stricken (or denied) for Plaintiffs' failure to comply with Rule 54.

Specifically, Plaintiffs failed to comply with Rule 54 in two respects. First, Plaintiffs did not file a motion to review the Clerk's taxation of costs. Instead, Plaintiffs filed objections, which are not permitted by Rule 54 or this Court's Local Rules. Second, even if Plaintiffs had filed a proper motion to review, Plaintiffs did not file their objections until May 3, 2021 – 14 days after the Clerk's taxation of costs. As such, because Plaintiffs failed to comply with Rule 54, Plaintiffs' Objections should be stricken or, in the alternative, if considered a motion to review, denied. *Certain Interested Underwriters at Lloyd's v. Halikoytakis*, No. 8:09-CV-1081-T-17TGW, 2011 U.S. Dist. LEXIS 129138, at *3-4 (M.D. Fla. June 10, 2011) *report and recommendation adopted*, No. 8:09-CV-1081-T-17TGW, 2011 U.S. Dist. LEXIS 129207, at *4 (M.D.

Fla. Nov. 8, 2011) (denying motion to review as untimely when filed 11 days after Clerk's taxation of costs); *Noboa v. Sygma Network, Inc.,* No. 6:10-cv-1753-Orl-36DAB, 2012 U.S. Dist. LEXIS 102629, at *1 (M.D. Fla. July 5, 2012) (denying motion to review as untimely); *Reynolds v. GMC*, No. 2:04-CV-106-RWS, 2008 U.S. Dist. LEXIS 77618, at *11 (N.D. Ga. Oct. 1, 2008) (denying motion to review as untimely).

In short, Plaintiffs wholly failed to comply with Rule 54 and this Court should not entertain Plaintiffs' attempt to raise untimely and improper objections to Defendants' properly taxed Bill of Costs. As Magistrate Judge Wilson noted in *Halikoytakis*, "[i]t is important to disapprove an unjustified and unexcused failure to comply with a (nonjurisdictional) filing deadline. If such deadlines are never enforced, they become meaningless. If they are only enforced sometimes, they are subject to the complaint of arbitrary application." 2011 U.S. Dist. LEXIS 129138, at *4 (M.D. Fla. June 10, 2011).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiffs' Objections or, if treated as motion to review, deny Plaintiffs' Objections as untimely.[1]

---

[1] In the event this Court decides to consider the merits of Plaintiffs' objections, Defendants respectfully request the opportunity to respond separately to the merits of Plaintiffs' objections.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that Defendants' counsel has conferred with Plaintiffs' counsel and Plaintiffs oppose the relief requested.

**DATED**: May 17, 2021

Respectfully submitted,

/s/ Sacha Dyson
Betty S.W. Graumlich (*Pro Hac Vice*)
Mark J. Passero (*Pro Hac Vice*)
Noah S. Oberlander (*Pro Hac Vice*)
REED SMITH LLP
Riverfront Plaza - West Tower
901 E. Byrd Street, Suite 1900
Richmond, VA 23219
Tel:   (804) 344-3400
Fax:  (804) 344-3410
bgraumlich@reedsmith.com
mpassero@reedsmith.com
noberlander@reedsmith.com

Sacha Dyson
Florida Bar No.: 509191
Gray Robinson, P.A.
401 East Jackson Street
Suite 2700
Post Office Box 3324 (33601-3324)
Tampa, Florida 33602
Tel:   (813) 273-5000
Fax:  (813) 273- 5145
sacha.dyson@gray-robinson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will electronically provide service to all counsel of record.

/s/ Sacha Dyson
*Attorney for Defendants*